[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14208
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00217-HLA-JRK-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAUN FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2013)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Shaun Fernandez pled guilty to conspiracy to manufacture 50 or more grams

of methamphetamine, in violation of 21 U.S.C. 846, and the District Court

sentenced him to a mandatory minimum prison term of 10 years.  He appeals his sentence arguing that the District Court erred in finding him ineligible for safety-valve relief pursuant to U.S.S.G. § 5C1.2 because he possessed firearms in connection with his offense.  The firearms had been found by the police in searching his home; they were in Fernandez's bedroom in close proximity to materials and items consistent with the manufacturing of methamphetamine.  He contends that he possessed the firearms pursuant to his concealed weapon permit and his job as a bail bondsman, such that the Government could not prove that he possessed them "in connection with" his offense, and that "in connection with" under § 5C1.2 requires more than mere constructive possession and proximity between the firearms and the drugs.  We affirm.

The section 5C1.2 safety-valve provision states that for offenses "under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence . . . [provided] the defendant meets the [five] criteria in 18 U.S.C. § 3553(f)(1)-(5) . . . ."  *See* U.S.S.G. § 5C1.2.  Among the five criteria is the requirement that the defendant cannot have "possess[ed] a firearm or other dangerous weapon . . . in connection with the offense."  U.S.S.G. § 5C1.2(a) (emphasis added).  Fernandez had the burden of proving at sentencing that he satisfied that requirement (as well as the other criteria of § 5C1.2).  *United States*

*v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).  The District Court found that he failed to do that and, thus, that he possessed the firearms in connection with the offense.  We review the court's factual finding (as we review all of the courts factual findings) for clear error.  *United States v. Camacho*, 261 F.3d 1071, 1073 (11th Cir. 2001).

The Guidelines do not define "in connection with."  In *United States v. Arturo Carillo-Ayala*, No. 11-14473, decided March 22, 2013, however, we interpreted the phrase.  Carillo sold firearms and methamphetamine.  On September 27, 2009, Carillo and a man named Jones discussed prices—for guns and methamphetamine.  A few days later, they talked further—again about guns and methamphetamine.  On October 6, Carillo called Jones and offered to sell him fives assault rifles.  They haggled over price, and on October 14, Carillo sold Jones a rifle, a shotgun and 58.6 grams of methamphetamine.

Carillo was indicted and pled guilty to the same offense Fernandez did: conspiracy to possess with intent to distribute a substance containing at least five grams of methamphetamine, in violation of 21 U.S.C. § 846.[1]  He sought safety-valve relief.  The Government objected, arguing that he had possessed firearms in connection with the drug offense.  He responded with the argument that he possessed the firearms in connection with his firearm business, not in connection

---

[1]  He also pled guilty to being an alien in possession of a firearm, in violation of 18 U.S.C. 922(g)(5).  That count is not pertinent here.

3

with the methamphetamine dealing.  The court sustained the Government's objection and denied safety-valve relief.

On appeal, we held that "a defendant possesses a firearm in connection with a drug offense if the firearm is in close proximity to drugs or if the firearm facilitates the drug offense, whether by emboldening an actor who had the ability to display or discharge the weapon." *Id.* at 26.  "[T]he presence of a gun within a defendant's dominion and control during a drug trafficking offense ordinarily *will* suffice to show possession during and in relation to the offense and, therefore, that the defendant possessed the firearm in connection with the offense." *Id.* at 27 (emphasis in original).  In such circumstance, "the safety-valve is unavailable unless the defendant negates the proof by a preponderance of the evidence." *Id.*at 26.

Given the close proximity of the firearms and the materials for manufacturing methamphetamine in Fernandez's bedroom, we cannot say that the District Court clearly erred in finding that Fernandez possessed the firearms in connection with the drug offense of which he was convicted.

AFFIRMED.